**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EMMITT VALENTINE, et al., | : | CIVIL ACTION NO. 85-4401 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| HOWARD L. BEYER, et al., | : | |
| Defendants. | : | |

**COOPER, District Judge**

The Court ordered defendants, various individual New Jersey State Prison ("NJSP") officials, to show cause why the relief requested by the pro se plaintiffs, individual NJSP inmates, in support of their motion, inter alia, to enforce the settlement agreement should not be granted by the Court. (Dkt. entry no. 238, 7-6-07 Order To Show Cause.) For the reasons stated herein, the Court will (1) vacate the order to show cause, and (2) decline to award the relief sought by plaintiffs.

BACKGROUND

Plaintiffs brought this action against defendants in 1985, asserting that, inter alia, NJSP's legal access program did not provide NJSP inmates meaningful access to the courts. (Dkt. entry no. 242, Def. Br., at 1.) Ronald Long, an NJSP inmate housed in the Capital Sentencing Unit ("CSU"), brought a separate action as a pro se plaintiff against some of the same defendants in 1987, alleging that NJSP's legal access program did not

provide inmates housed in CSU with meaningful access to the courts.  See Long v. Beyer, No. 87-1301, 1987 WL 16769, at *1 (D.N.J. Aug. 11, 1987).  In June 1988, these actions were consolidated.  (Def. Br., at 1-2.)  The consolidated action was certified as a class action in October 1993.  (Id. at 2.)

The parties reached a settlement agreement in October 1994. (Id. at 2; see dkt. entry no. 235, 10-5-94 Settlement Agreement of Class Action.)  In an order dated October 5, 1994 ("10-5-94 Order"), the Court found that the proposed settlement agreement was a "fair and reasonable settlement" of the class action and dismissed the complaint with prejudice.  (Dkt. entry no. 235, 10-5-94 Order.)  The Court denied plaintiffs' motion to vacate the Court's 10-5-94 Order pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(2) in November 1998.  (Dkt. entry no. 235, 11-20-98 Mem. & Order.)

Plaintiffs moved to "enforce and modify judgments and settlement agreement, and hold defendants in contempt of court for violation thereof" in October 2006.  (Dkt. entry no. 236, Pl. Letter in Support of Mot., at 1.)  The Court ordered defendants to show cause why the relief requested by plaintiffs in support of their motion should not be granted by the Court.  (7-6-07 Order to Show Cause, at 2.)  Defendants responded, arguing that, inter alia, the Court does not have subject matter jurisdiction to enforce the settlement agreement here.  (Def. Br., at 10-11.)

2

Plaintiffs also responded, arguing that, <u>inter alia</u>, the Court does have subject matter jurisdiction here, due to the provisions in the 10-5-94 Order stating that the Court "examined the settlement agreement for fairness, as to the certified class of prisoners and was satisfied an opportunity for comments and address by class members was had." (Dkt. entry no. 246, Pl. Br., at 20-21.)

### DISCUSSION

**I.  Subject Matter Jurisdiction To Enforce A Settlement Agreement**

"Federal courts are courts of limited jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). They may only hear actions when authorized to do so by the Constitution or by statute. <u>Id.</u> Congress has the authority to set the boundaries of the federal courts' jurisdiction within the bounds of the Constitution. <u>United States v. Cooper</u>, 437 F.3d 324, 339 (3d Cir. 2006). No court has the authority to promulgate a declaration of jurisdiction. <u>Id.</u>

"Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." <u>Kokkonen</u>, 511 U.S. at 378. A federal court does not have jurisdiction over a settlement agreement just because that agreement settled a federal cause of action. <u>Nelson v. Pennsylvania</u>, 125 Fed.Appx. 380, 382 (3d Cir. 2005). The dismissal of the complaint in the

3

first action terminated that federal jurisdiction. <u>Id.</u> Thus, an action to enforce the settlement agreement becomes a separate contract dispute, based on that settlement agreement. <u>Id.</u>

The Court may retain jurisdiction in the first action to enforce a settlement agreement, however, under the doctrine of ancillary jurisdiction, "which recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." <u>Kokkonen</u>, 511 U.S. at 378. The Court may invoke ancillary jurisdiction to enforce a settlement agreement if the parties' obligation to comply with the settlement agreement had been made part of the order dismissing the complaint in the action, either by (1) a separate provision in the order stating that the Court retains jurisdiction over the settlement agreement, or (2) incorporation of the terms of the settlement agreement into the order. <u>Id.</u> at 381; <u>Shaffer v. GTE N., Inc.</u>, 284 F.3d 500, 503 (3d Cir. 2002).

"[M]ere awareness and approval of the terms of the settlement agreement", or "mere reference to the fact of settlement", in the order dismissing a complaint in an action is not sufficient to establish ancillary jurisdiction. <u>Kokkonen</u>, 511 U.S. at 381; <u>Shaffer</u>, 284 F.3d at 503 (quotation and citations omitted). Placing the terms of the settlement agreement on the record, or stating in the order that the

dismissal is "pursuant to the terms of the settlement", also fails to establish ancillary jurisdiction. Shaffer, 284 F.3d at 501, 504 (holding that district court lacked subject matter jurisdiction to rule on defendant's motion to enforce settlement agreement, as "neither condition for the exercise of ancillary jurisdiction as identified in Kokkonen was met", even though terms of settlement agreement were described on record); In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274-75 (3d Cir. 1999) (holding that "pursuant to the terms of the settlement" language in dismissal order merely referenced fact of settlement, and thus was insufficient to confer subject matter jurisdiction to enforce settlement agreement).

If the Court lacks ancillary jurisdiction to enforce the settlement agreement as described supra, "[t]he proper forum in which to enforce a settlement agreement is the state court 'unless there is some independent basis for federal jurisdiction.'" Nelson, 125 Fed.Appx. at 382 (citations omitted). Moreover, even if there is an independent basis for federal jurisdiction, "the proper vehicle to exercise that jurisdiction" is a "separate action to enforce settlement," as opposed to a motion in the first action. In re Nazi Era Cases Against German Defendants Litig., 213 F.Supp.2d 439, 450 (D.N.J. 2002).

## II. The Court Lacks Subject Matter Jurisdiction To Enforce The Settlement Agreement Here

The Court lacks subject matter jurisdiction to enforce the settlement agreement here.  The 10-5-94 Order dismissing the complaint in this case with prejudice merely states, as to the settlement agreement, that the Court (1) considered the proposed settlement agreement, (2) considered the comments and objections made by the parties as to the proposed settlement agreement, and (3) found the proposed settlement agreement to be a "fair and reasonable settlement" of the class action.  (10-5-94 Order.) The Court also noted, in a memorandum filed with the 10-5-94 Order, that "the Settlement Agreement substantially enhance[s] the legal access rights of inmates at New Jersey State Prison, both directly and through the Inmate Legal Association and its paralegals.  The Court is satisfied that the Agreement is fair and reasonable in all respects, and has entered an Order to that effect."  (Dkt. entry no. 235, 10-5-94 Mem., at 5.)  The settlement agreement was also filed on the docket.  (See dkt. entry no. 235.)

The 10-5-94 Order merely approves the settlement agreement; it does not (1) contain a provision retaining jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement into the 10-5-94 Order.  Further, the fact that the settlement agreement was placed on the docket is also insufficient to establish ancillary jurisdiction.  See Shaffer,

6

284 F.3d at 501, 504. Thus, the Court lacks ancillary jurisdiction to enforce the settlement agreement in this closed action. See Kokkonen, 511 U.S. at 381; Shaffer, 284 F.3d at 503.

An action to enforce the settlement agreement here, as a result, is a separate contract dispute, and the proper forum to enforce it is in New Jersey state court, absent an independent basis for federal jurisdiction. See Nelson, 125 Fed.Appx. at 382. Assuming arguendo that there is an independent basis for federal jurisdiction, moreover, the "proper vehicle to exercise that jurisdiction" and enforce the settlement agreement would be a separate action, as opposed to a motion in this closed case. See In re Nazi Era Cases Against German Defendants Litig., 213 F.Supp.2d at 450.[1]

**CONCLUSION**

The Court, for the reasons stated supra, will vacate the order to show cause. The Court will issue an appropriate order.

                                                     s/ Mary L. Cooper
                                                     **MARY L. COOPER**
                                                     United States District Judge

Dated: April 8, 2008

---

[1] The Court notes that a breach of the settlement agreement here cannot serve as the basis of a 42 U.S.C. § 1983 claim, thereby providing an independent basis for federal jurisdiction for an action to enforce the settlement agreement. See Walsifer v. Bor. of Belmar, No. 06-4752, 2008 WL 189855, at *3 (3d Cir. Jan. 23, 2008).

7